**SO ORDERED: March 22, 2007.**

_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
IN RE:                        )
                              )
DAVID LYNN COLLINS            )    Case No. 06-5302-FJO-13
        Debtor                )
_____)
```

**ORDER**

This matter came before the Court upon the filing of the Amended Objection to Confirmation of Chapter 13 Plan by eCAST Settlement Corporation, assignee of MBNA America Bank, N.A.

The Debtor filed a Chapter 13 Plan setting forth the intention to continue to pay his student loan obligation directly to the creditor, not through the trustee, (approximate sum owing of $17,000) at the monthly sum required by the contract. The last payment extends beyond

the term of the plan.  The Debtor does not propose to accelerate the payment of the debt during the course of the 60 month plan.  The Debtor's schedules indicate that the Debtor has $323.67 in actual monthly projected disposable income, which is the monthly sum set forth in the Plan to be paid to the Trustee.  The creditor asserts in paragraph 13 of its Amended Objection that the Debtor's Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B22C) indicated that the Debtor has monthly disposable income of negative $267.00.  Neither the Trustee or any creditor has raised an issue as to the Debtor's expenses.  The Debtor, on Schedule I, is listed as widowed with one dependent.

The Amended Objection by eCAST asserts that (1) the Plan does meet the requirements of section 1322(b)(1) because it lacks fundamental fairness by improperly classifing the student loan debt and gives preference to that debt over the other unsecured debts and (2) that the Plan can not be confirmed because it does not meet the requirements of section 1325(a)(1) due to the separate designation of the student loan debt.

The Debtor, in his response to the Objection, asserts that he is entitled under section 1322(a)(3) to designate classes of unsecured claims as long as the claims within a particular class are substantially similar and treated the

same.  The Debtor acknowledges that the right is subject to limitation in that the plan may not discriminate unfairly against any class of claims.

As to be expected, both sides cited cases which support their own proposition.  There are no controlling cases in this district, but this Court is aware of the practice of paying student loans outside the plan when the facts mirror the facts currently before this Court.  A review of the schedules indicates that the Debtor appears to be eligible for a Chapter 7 proceeding - but has chosen to participate in a Chapter 13 to repay at least some of his debt. None of the parties have objected to the Debtor's scheduled expenses.

The Court also considers whether the Debtor was not allowed to separately classify his long term student loan debt and continue to pay said debt over the life of the Plan,  would he end up worse off on his student loan debt at the end of the bankruptcy than when he filed.  That is exactly the case currently before this Court.  If the Debtor is not allowed to continue to make his regular monthly payments on his long term student loan debt, the interest would accrue on the debt and the Debtor would end up owing more on this student loan debt at the conclusion of the plan than at the beginning.  Making the Debtor incur additional debt (due to accruing interest that would occur) is not the

purpose or design behind the bankruptcy code which is intended to provide a "fresh start" for the Debtor.

A critical factor to this Court is that the student loan is a "long term debt" under section 1322(b)(5); meaning the last payment on the debt will become due after the date on which the final payment under the plan is due. It is also important that Debtor does not propose to accelerate the payment of the debt during the course of the 60 month plan. Trustees locally, as is true in this case, have not objected to the separate classification debt which provides for the continued student loan payments if it is a long term debt.

Therefore, this Court finds that the Debtor has provided sufficient evidence of good faith as required by the Code. The Court further finds that he has carried his burden of proof in supporting the separate classification of his student loan debt under section 1322. Therefore, this Court finds the Debtor's Plan complies with the provisions of the Code and should be confirmed.

Based on the foregoing, this Court OVERRULES the amended objection of eCAST and ORDERS that the Plan be confirmed.

###